UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------x
ANDREW GRANT,

      Plaintiff,      **MEMORANDUM & ORDER**
                    17-CV-6063(PKC)

   -against-

MERSCORP HOLDINGS, INC., BILL
BECKMANN, and BRENDON WEISS,

      Defendants.
-------------------------------------------------------------------x
PAMELA K. CHEN, United States District Judge:

  On October 19, 2017, *pro se* Plaintiff Andrew Grant, filed the instant action against Defendants MERSCORP Holdings Inc. ("MERSCORP"), Bill Beckmann, the Chief Executive Officer of MERSCORP, and Brendon Weiss, the Senior Vice President of MERSCORP. Plaintiff is "seeking a remedy in Admiralty" and alleges jurisdiction pursuant to 42 U.S.C. § 1983, the Freedom of Information Act (the "FOIA"), 5 U.S.C. § 552 et seq., as well as numerous provisions of Title 18 of the United States Code. (Complaint, Dkt. 1, at 1-5.) Plaintiff has paid the filing fee to commence this action. For the reasons discussed below, Plaintiff's Complaint is dismissed *sua sponte*; however, Plaintiff is granted thirty (30) days from the date of this Order to file an amended complaint.

## BACKGROUND

  As best as can be determined, Plaintiff appears to allege that Defendant MERSCORP improperly assigned the mortgage on his property. He seeks five million dollars in damages and requests that his mortgage be "cleared." (*Id*. at 6).

# DISCUSSION

## A. Standard of Review

Although the Court is mindful that "[a] document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers," *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (internal quotation marks and citations omitted), a complaint must still contain "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face," *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "[A] plaintiff's obligation to provide the 'grounds' of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . . Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal quotations and citations omitted). The district court has "inherent authority to dismiss frivolous actions" *sua sponte*. *Abrams v. Sprizzo,* 201 F.3d 430, 430 (2d Cir. 1999); *see also Mallard v. U.S. Dist. Court for S. Dist. of Iowa,* 490 U.S. 296, 307–08 (1989) (noting that even though a statute "authorizes courts to dismiss a 'frivolous or malicious' action, . . . there is little doubt [courts] would have power to do so even in the absence of [a statute]"); *Leonhard v. U.S.,* 633 F.2d 599, 609 n.11 (2d Cir. 1980) (noting that the district court had the power to dismiss a complaint *sua sponte* for failure to state a claim).

Because Plaintiff does not make a cognizable claim, the Court finds that this lawsuit is frivolous and must be dismissed. *See Abrams*, 201 F.3d at 430 ("An action is frivolous as a matter of law when . . . 'the claim is based on an indisputably meritless legal theory or when a dispositive defense clearly exists on the face of the complaint.'") (quoting *Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998)); *Baker v. Dir. U.S. Parole Comm'r.*, 916 F.2d 725 (D.C.

Cir. 1990) (holding *sua sponte* dismissal appropriate where "it is patently obvious that [plaintiff] could not prevail"). The Court, however, grants Plaintiff leave to amend.

### B. Plaintiff's Claims Are Not Cognizable under 42 U.S.C. § 1983

To the extent Plaintiff seeks to maintain an action under Section 1983, he must allege two essential elements. First, "the conduct complained of must have been committed by a person acting under color of state law." *Pitchell v. Callan*, 13 F.3d 545, 547 (2d Cir. 1994) (citation omitted). Second, "the conduct complained of must have deprived a person of rights, privileges, or immunities secured by the Constitution or laws of the United States." *Id.; see also McGugan v. Aldana-Bernier*, 752 F.3d 224, 229 (2d Cir. 2014) ("To state a claim under § 1983, a plaintiff must allege that defendants violated plaintiff's federal rights while acting under color of state law."). Private conduct, no matter how discriminatory or wrongful, is generally beyond the reach of Section 1983. *Am. Manufacturers Mutual Ins.e Co. v. Sullivan*, 526 U.S. 40, 50 (1999) (quotations omitted); *cf. Brentwood Academy v. Tennessee Secondary School Athletic Ass'n*, 531 U.S. 288, 295 (2001) ("[S]tate action may be found if, though only if, there is such a 'close nexus between the State and the challenged action' that seemingly private behavior 'may be fairly treated as that of the State itself.'" (quoting *Jackson v. Metropolitan Edison Co.,* 419 U.S. 345, 351 (1974)).

Here, Defendant MERSCORP is a private corporation and Defendants Bill Beckmann and Brendon Weiss are private parties whose conduct is not alleged to be attributable to the State. Therefore, Plaintiff may not maintain a Section 1983 action against these defendants.

### C. Plaintiff's Claims Are Not Cognizable under Title 18 of the United States Code

In his Complaint, Plaintiff lists numerous provisions of Title 18 of the United States Code, which sets forth federal *criminal* statutes. Liberally construed, Plaintiff appears to allege that

3

Defendants have violated these criminal provisions. (Dkt. 1, at 2-4.) Federal criminal statutes, such as those invoked by Plaintiff, do not provide private rights of action. *Hill v. Didio,* 191 F. App'x 13, 14–15 (2d Cir. 2006); (*see also* Dkt. 1, at 2-4). A private party does not have standing to file or prosecute a criminal case because "a private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another." *Leeke v. Timmerman*, 454 U.S. 83, 86 (1981) (citation and internal quotation marks omitted). Therefore, to the extent that Plaintiff seeks to pursue criminal charges against Defendants, he lacks standing.

### D. Plaintiff's Claims Are Not Cognizable under 5 U.S.C. § 552

Section 552 of Title 5 of the United States Code sets forth the provisions of the Freedom of Information Act ("FOIA"). The FOIA's purpose is to ensure public access to information by creating a judicially enforceable public right to obtain information from federal government agencies. *See Milner v. Dep't of Navy*, 562 U.S. 562, 565 (2011). Here, Defendants are a private corporation and private individuals; thus, they are not subject to the FOIA. *See Main St. Leg. Services, Inc. v. Natl. Sec. Council*, 811 F.3d 542, 546 (2d Cir. 2016) (noting that FOIA applies only to federal agencies).

## CONCLUSION

Accordingly, because the Complaint fails to state a claim for which Plaintiff may obtain relief, it is dismissed in its entirety. 28 U.S.C. § 1915(e)(2)(B); *id.* § 1915A(b). In light of Plaintiff's *pro se* status, however, Plaintiff is granted thirty (30) days to amend his Complaint.

Should Plaintiff decide to file an amended complaint, it must be submitted within thirty days of this Order, be captioned "Amended Complaint", and bear the same docket number as this Order. Plaintiff's amended complaint must clearly state the basis for the Court's exercise of jurisdiction. To the extent that Plaintiff seeks to assert that his mortgage was improperly assigned,

4

he must allege facts in support of his claim. For example, he should state where the property is located, the date that he received an initial mortgage, the date of any subsequent mortgage, the date that the mortgage(s) was assigned, and whether the mortgage is currently in default.

If Plaintiff fails to comply with this Order within the time allowed, the Complaint shall be dismissed and judgment shall enter. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and, therefore, *in forma pauperis* status is denied for purpose of an appeal. *Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

*/s/Pamela K. Chen*_____
Pamela K. Chen
United States District Judge

Dated: November 13, 2017
       Brooklyn, New York